IN UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JAMES R. GIBSON,<br><br>Defendant. | Case No. 3:01-cr-30005-JPG |

MEMORANDUM & ORDER

This matter comes before the Court on Defendant James Gibson's Motion for Copies (Doc. 626). Gibson requested his Criminal Docket Sheet and Judgment & Commitment (with Statement of Reasons). In his motion, Gibson states he is indigent and the Court notes Gibson was represented by numerous attorneys throughout the proceedings before deciding to continue *pro se* prior to trial (Doc. 329).

Defendants have no constitutional right to a complimentary copy of any document in their court files. *See United States v. Groce*, 838 F. Supp. 411, 413, 414 (E.D. Wis. 1993). Before providing copies free of charge, a district court may require the requestor to show: (1) that he has exhausted *all* other means of access to his files (*i.e.*, through his trial and appellate counsel), (2) that he is financially unable to secure access to his court files (*i.e.*, through a showing similar to that required in 28 U.S.C. § 1915(a)(2) which includes a certified copy of the prisoner's trust account for the previous six-month period prior to filing), and (3) that the documents requested are necessary for the preparation of some specific non-frivolous court action. *See United States v. Wilkinson*, 618 F.2d 1215, 1218-19 (7th Cir. 1980); *Rush v. United States*, 559 F.2d 455, 459 (7th Cir. 1977); *Groce*, 838 F. Supp. at 413-14. These minimal

1

requirements do not impose any substantial burden to financially unable prisoners who desire their records be sent to them at government expense.

Gibson has stated he is indigent but has not provided any evidence to support his statement. He did not include a copy of his prisoner's trust account or give the Court any indication of his financial status apart from stating he is "currently indigent." Further, Gibson has not given any indication as to why he needs the documents and the Court is therefore unable to evaluate whether they are necessary. The Court therefore cannot grant Gibson's present motion (Doc. 626) but may grant a similar motion in the future if it were to be provided all the information necessary to make such a ruling.

For the foregoing reasons, the Court **DENIES** Gibson's Motion for Copies (Doc. 626).

**IT IS SO ORDERED.**
**DATED:** January 27, 2012

                                                  s./ J. Phil Gilbert
                                                  **J. PHIL GILBERT**
                                                  **DISTRICT JUDGE**